UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JONATHON R. WYATT, | : | Case No. 1:16-cv-938 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY
(1) OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 16); and
(2) ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 15).**

## I. INTRODUCTION

This case is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference the Magistrate Judge reviewed the pleadings and memoranda filed with this Court, and on July 31, 2017, submitted a Report and Recommendations. (Doc. 15). On August 14, 2017, Plaintiff filed objections ("Objections"). (Doc. 16). On August 22, 2017, the Commissioner filed a response to the Objections. (Doc. 17).

## II. ANALYSIS

As required by 29 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all

of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Report and Recommendations (Doc. 15) should be and is hereby adopted in its entirety and Plaintiff's Objections (Doc. 16) should be overruled.

First, Plaintiff argues the Administrative Law Judge ("ALJ") erred in relying on Plaintiff's substance abuse to find he was not disabled by severe mental impairments. (Objections at 8). Plaintiff argues the ALJ was barred from considering this issue because, Plaintiff contends, the effect of his substance abuse was "already considered by the Court." (*Id.*) Plaintiff points to a statement in Magistrate Judge Bowman's May 28, 2013 Report and Recommendation—which recommended that this case be remanded for proper evaluation of opinion evidence—noting that Dr. Sparks opined "despite the experience of drug abuse, [Plaintiff] does appear to experience a free-standing bipolar disorder." (*Id.*; Tr. at 668). This argument fails. While this case was remanded for reconsideration on several occasions, the Court did not make any substantive findings as to Plaintiff's substance abuse, and the ALJ did not err in considering Plaintiff's substance abuse on remand.

Second, Plaintiff asserts numerous arguments as to how the ALJ erred in analyzing medical opinion evidence, including weighing the evidence and considering Plaintiff's daily activities. (Objections at 9-18). These arguments fail. The Court agrees with the Magistrate Judge that the ALJ sufficiently explained, in great detail, his analysis of the relevant medical opinions. (R&R at 18-35).

Third, Plaintiff argues that the ALJ erred in finding that his medical condition stabilized with abstention from drugs and alcohol and with proper treatment. (Objections

at 13). This argument fails. The Court agrees with the Magistrate Judge that the Plaintiff failed to prove his substance abuse is <u>not</u> a contributing factor to his mental disability, and that the finding of non-disability is supported by substantial evidence in the record. (R&R at 36-40).

### III. CONCLUSION

For the foregoing reasons:

1. Plaintiff's Objections (Doc. 16) are **OVERRULED**;

2. The Report and Recommendations (Doc. 15) is **ADOPTED**;

3. The Commissioner's decision is **AFFIRMED**;

4. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED**.

Date: 9/29/17

Timothy S. Black
United States District Judge